UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARWINDER SINGH KHINDA (A-216-176-957), | No. 1:26-cv-04466-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| ACTING FIELD OFFICE DIRECTOR, et al., | (Doc. No. 10) |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2027, the magistrate judge filed findings and recommendations herein, which were served on both parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 10.) On July 24, 2026, Respondent filed objections to the findings and recommendations. (Doc. No. 11.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

1

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations filed July 17, 2026 (ECF No. 10), are ADOPTED;

2.      Petitioner Harwinder Singh Khinda's (A-216-176-957) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows:

a.      Respondents are ordered to IMMEDIATELY RELEASE Petitioner;

b.      If Respondents have custody of Petitioner's possessions including documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those to Petitioner at the time of release;

c.      Respondents must provide Petitioner with a copy of the release order at or near the time of release;

d.      Upon his release, Respondents shall not impose any additional restriction

2

on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    e.    If Respondents seeks to re-detain Petitioner, Respondents shall provide him with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;

3.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

4.    The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5.    The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **August 4, 2026**

                      Dena Coggins
                      United States District Judge